# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE N. ROBINSON, | ) | CASE NO. 5:18-CV-1098 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ALISON BREAUX, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

*Pro se* plaintiff Jackie Robinson filed this action under 42 U.S.C. § 1983 against Summit County Common Pleas Court Judge Alison Breaux and Summit County Prosecutor Sherri Bevan Walsh. In the complaint, plaintiff alleges he was not given proper jail time credit toward his 1979 conviction, and has perpetually been denied the effective assistance of counsel. He seeks an unspecified sum of monetary damages.

## I.   Background

Plaintiff is presently an inmate in the Lake Erie Correctional Institution, having been convicted in four separate criminal actions in the Summit County Court of Common Pleas. In the first of these actions, Case No. CR-76-0204, he was found guilty of one count of burglary, a second-degree felony, and was sentenced in July 1976 to two to fifteen years in prison. While on parole from his first conviction, plaintiff was indicted on five new felony charges in the Summit County Court of Common Pleas, Case No. CR-79-3-319. In April 1979, he was found guilty of three of the counts, including aggravated robbery, having a weapon while under a disability, and carrying a concealed weapon, and sentenced to consecutive sentences of seven to twenty-five

years, one to five years, and one to ten years, for an aggregate sentence of nine to forty years incarceration. Plaintiff served approximately nineteen years of his prison terms and was again released on parole. Within one year after that release, he was charged and convicted in the Summit County Court of Common Pleas, Case No. CR-99-08-1719 with carrying a concealed weapon and having a weapon while under a disability. He was sentenced in November 1999 to two definite terms of seventeen months and four years on the respective counts, to be served concurrently. Plaintiff was once again released on parole only to be charged and convicted in February 2005, Summit County Court of Common Pleas, Case No. CR-04-10-3379, with theft and passing bad checks. He was sentenced to a definite term of twelve months on each count, with the two terms to run consecutively.

Plaintiff has now filed this action, claiming the trial court did not properly credit him with time he spent in jail pending his conviction in 1979. He also claims his sentences exceeded the maximum allowed by law. He states he has perpetually been denied the effective assistance of counsel for his trials and parole revocation hearings. He indicates he is suing the defendants in both their official and individual capacities for "tortious injury, and acting outside the scope of their employment and in bad faith." (Doc. No. 1 at 5). He seek monetary damages for pain and suffering.

## II.     Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks

an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.   Analysis

Even giving plaintiff's complaint the liberal construction accorded to *pro se* pleadings, it fails to state a plausible claim upon which relief may be granted. To satisfy basic notice pleading requirements, the complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d

426, 437 (6th Cir. 2008); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). To state a claim under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). Plaintiff does not identify a single Constitutional right he believes these defendants violated and none is apparent on the face of the complaint.

Furthermore, plaintiff does not allege any facts to suggest these defendants were responsible for injuries he alleges. Plaintiff cannot establish the individual liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381, at *1 (6th Cir. Sept. 20, 1995).

The complaint simply contains no facts that reasonably associate these defendants with any of the claims set forth by plaintiff. He contends he was not given credit for time he spent in jail prior to his conviction in 1979. Judge Breaux joined the Summit County Court of Common Pleas in 2017. Sherri Bevan Walsh became the Summit County Prosecutor in 2000. They could not have been involved in the decision concerning jail time credit applied to his 1979 sentence. He also contends his attorneys provided ineffective assistance during his criminal trials. He does not allege facts to connect the actions of his attorneys to either of the defendants.

Moreover, even if plaintiff could connect the defendants to his allegations, they would be absolutely immune from suit. A judge is absolutely immune from suit as long as the conduct alleged occurred while he or she was acting as a judge within the subject matter jurisdiction of the court over which he or she presides. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed.

2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Plaintiff's allegations pertain solely to his criminal prosecutions. If these defendants were involved in that conduct, they would be entitled to immunity for their actions.

The defendants are also immune from suits for damages brought against them in their official capacities. A suit against a public servant in his official capacity imposes liability on the office he represents. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985). Because the Common Pleas Court is an arm of the state, the Eleventh Amendment bars suits for damages against them.

In addition, plaintiff cannot bring claims in a civil rights action to assert challenges to his convictions or sentences. In order to recover damages for allegedly unconstitutional conviction, imprisonment, or sentence, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the claims must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. If the court determines that the plaintiff's claims, even if successful, will not

demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the claims can proceed, unless subject to some other bar to suit.

In this case, plaintiff challenges his 1979 sentence and contends he was denied the effective assistance of counsel. Those claims, if found to have merit, would call into question his convictions and sentences. He must, therefore, demonstrate that these convictions were overturned prior to bringing this action. He has not done so.

Finally, the statute of limitations for bringing a § 1983 action expired well before plaintiff filed this action. Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the complaint took place between 1979 and 2005. Plaintiff filed this action in May 2018, eleven years after his last conviction and twenty-nine years after his conviction in 1979. This action is clearly time-barred.

## IV. <u>Conclusion</u>

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 24, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**